### PERKINS ELECTRIC SWITCH MFG. CO. v. UNITED ELECTRIC CONST. CO.

(Circuit Court, E. D. Pennsylvania. March 21, 1911.)

No. 289.

PATENTS (§ 328*)—INFRINGEMENT—INCANDESCENT LAMP SOCKET.

　　The Perkins patent, No. 626,927, for an incandescent lamp socket, the dominating and essential feature of which, as construed in prior decisions, is the complete separation and insulation of the chambers, *held* not infringed by a device which lacks such feature.

In Equity. Suit by the Perkins Electric Switch Manufacturing Company against the United Electric Construction Company. On final hearing. Decree for defendant.

Hubert Howson and Charles Howson, for complainant.
D. P. Wolhaupter and Melville Church, for defendant.

HOLLAND, District Judge. In this suit the complainant charges the infringement of claims 4 and 6 of letters patent No. 626,927, issued to Charles G. Perkins, assignor of complainant, dated June 13, 1899, for improvements in incandescent lamp sockets. The only difference in the claims is that the latter calls for "an insulating lining fitting the shell." The defendant denies infringement and the validity of the patent.

These two claims of the Perkins patent have been before three circuit and two appellate courts, and have received, in each case, a very careful consideration. It will, therefore, be unnecessary for me to describe this invention, as reference to the cases decided, hereinafter mentioned, will fully disclose both a description of the Perkins socket and the patents cited against it as anticipations.

The patent, and particularly these claims, were first held valid in a suit instituted against Buchanan and others ([C. C.] 129 Fed. 134), and was affirmed by the Circuit Court of Appeals of the Third Circuit (135 Fed. 90, 67 C. C. A. 564 [1905]). In this case the validity of the patent was questioned in view of the prior art, and a number of patents were referred to as anticipations. Those particularly relied upon were the Snow patent, No. 554,896, dated February 13, 1896; the Wirt patent, No. 560,667, dated May 26, 1896; the Hubbell patent, No. 565,541, dated August 11, 1896; and the Pass and Seymour patent, No. 568,919, dated October 6, 1896. These references were taken up and considered by Judge Gray, who concluded that the ordinary form of the Perkins socket, made in accordance with the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

patent, was not anticipated by any of these references, because the two-chamber feature, producing "perfectly insulated chambers," which was held to be the dominating feature of the combination, was not found in such practical form in any one of them.

Subsequently the same plaintiff brought suit against Yost in the Northern District of Ohio, charging an infringement of claims 3, 4, 6, and 9 of the Perkins patent, and again the patent was held valid in the Circuit Court in an opinion filed September 17, 1909. An appeal to the Circuit Court of Appeals of the Sixth Circuit was taken, and after expressing great doubt as to its validity, in view of the prior art, the court sustained the patent. Judge Severens, in referring to the decision in the Buchanan Case, said:

"Out of respect to that court and the comity due it, and notwithstanding the doubt implied from what we said on a former page of this opinion, we are disposed to follow the decision of the Third Circuit Court of Appeals." Yost Mfg. Co. v. Perkins Electric Switch Mfg. Co., 179 Fed. 511.

It is plain, from an examination of these decisions, that the validity of the patent has been sustained, and particularly claims 4 and 6, for the sole reason that the dominating feature of these claims is "the complete separation and insulation of the chambers." In the Yost Case the appellate court found that three of the sockets manufactured by the defendant were not an infringement, for the reason that, while they were constructed with two chambers, they were not "completely separated from each other." The court went on to say:

"There is a wall, but it is not entire. It is open in one of them for a space large enough to see through one chamber into the other and enable the operator to blow through it, and in others there is scarcely any division of the chambers. As to the first of these, it is contended that the breaking away of the wall is a mere subterfuge to differentiate the sockets from the Perkins patent. If the opening in the wall were so small as to be negligible and to serve no useful purpose, we should think the contention ought to be sustained. But it is to be said that the opening is substantial. It differs from that of the Pass and Seymour only in degree; and we have distinguished the Pass and Seymour patent from that of Perkins only by the fact that the wall of the former did not completely separate and insulate the chambers one from the other, while the latter does. * * * We are therefore constrained to hold that the appellant does not employ the feature which distinguished the Perkins patent, and on account of which the patent was granted. It seems impossible to doubt that but for it, and in view of the earlier patents, these claims of the patent could not have been granted."

The defendant's patent contains all the elements found in the Perkins device, with the same exception noted by the court in the Yost Case, to wit, the break in the wall separating the chambers from each other. It is upward of an eighth of an inch when the two porcelain blocks composing the socket are placed together. Any stray wire which a careless workman might permit to be broken from the strand could work through from one chamber to the other and short-circuit the current.

There is not the same use assigned to the opening in the separating wall of defendant's socket as was claimed for it in the Yost socket; but it produces the same result of failing to infringe these claims of the Perkins patent, the validity of which depends entirely upon the existence of the dominating feature "of a complete separation and insu-

lation of the chambers." "Limiting these claims by the specifications," as was said by Judge Brown, in the case brought in the Circuit Court of Massachusetts against Knowles by the same plaintiff (187 Fed. 635), "they cover a meritorious structure." But they must be so limited, and, being limited to this dominating feature of "a complete separation and insulation of the chambers," they are not infringed by the defendant's socket, as this feature does not appear in the latter's device.

A decree will be entered dismissing complainant's bill, with costs.